IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN BROWNELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

Plaintiff SUSAN BROWNELL, through undersigned counsel, brings this complaint against Defendant EQUIFAX INFORMATION SERVICES, LLC, and alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages for violations of the Fair Credit Reporting Act (the "FCRA").

2. The claims stated herein stem from Defendant reporting inaccurate and derogatory information about Plaintiff's credit history, which led to Plaintiff having a credit application denied.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. § 1681p (FCRA).

4. Venue is proper in this District under 28 U.S.C. § 1391, as the events complained of occurred in this District.

**PARTIES**

5. Plaintiff Susan Brownell is a natural person who resides at 1747 West Crystal Lane, Mount Prospect, Illinois 60056.

6. Plaintiff is a "consumer" as defined by Section 1681a(d) of the FCRA.

7. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company with its principal place of business in Atlanta, Georgia.

8. Equifax does business in the State of Illinois, including in this District.

9. Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties.

10. Equifax uses interstate commerce to prepare and/or furnish consumer reports.

11. At all relevant times, Equifax was a "consumer reporting agency" as that term is defined in Section 1681a(f) of the FCRA.

**FACTS SUPPORTING THE ACTION**

12. Plaintiff filed for chapter 7 bankruptcy protection on September 12, 2016 (the "petition date").

13. Prior to the petition date, Plaintiff incurred, among others, the following debts (collectively, the "subject debts"): (a) a debt from Carsons/Comenity Bank in the amount of approximately $1,325 (the "Comenity debt"); and (b) a debt from Kohl's/Capital One in the amount of approximately $2,164 (the "Kohl's debt").

14. Plaintiff included the subject debts in her bankruptcy petition and schedules.

15. Plaintiff's debts incurred prior to the petition date, including the subject debts, were discharged on December 6, 2016 (the "discharge date").

16. As a result, after the discharge date, Equifax should have reported these debts as discharged in bankruptcy with a $0 balance.

17. After the discharge date, Equifax continued to report that the Kohl's debt was due and owing, with a balance of $2,238.

18. After the discharge date, Equifax continued to report that the Comenity debt, which was transferred and assigned to Midland Credit Management Inc. for collections, was due and owing, with a balance of $1,298.

19. On or around October 13, 2017, Plaintiff applied for a charge account with Best Buy Credit Services so she could purchase a computer for her son.

20. Best Buy Credit Services denied Plaintiff's credit application.

21. By letter dated October 16, 2017, Best Buy Credit Services informed Plaintiff that the reason for the denial was "[t]otal credit obligations when compared to the total annual income you provided."

22. If Equifax would have properly reported the public fact that the subject debts had previously been discharged in bankruptcy, Plaintiff's total credit obligations would have been lower. Specifically, the $3,536 for the subject debts would have been reported as $0.

23. As this was the only reason Best Buy Credit Services provided to deny Plaintiff's credit application, had Equifax properly reported the public fact that the subject debts had previously been discharged in bankruptcy, Plaintiff's credit application would not have been denied.

24. Equifax's misconduct in wrongly reporting Plaintiff's credit obligations caused Plaintiff significant damages in addition to the credit denial, including but not limited to emotional distress, anxiety, embarrassment, aggravation, restlessness, sleeplessness, inconvenience, and feelings of depression, helplessness and hopelessness. Plaintiff had already

made the difficult decision to file bankruptcy and thought she would have a fresh start. Equifax's misconduct therefore caused concrete and particular harm to Plaintiff.

25. In addition, Plaintiff suffers from psoriatic arthritis, a condition which flares up when Plaintiff experiences emotional distress. As a result of Equifax's misconduct, Plaintiff had a flare-up of her psoriatic arthritis, which caused redness, swelling, and severe pain in her hands.

### COUNT I – WILLFUL AND/OR NEGLIGENT VIOLATIONS OF THE FCRA

26. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

27. Section 1681e(b) of the FCRA states as follows:

**Accuracy of report.**

**Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

28. Section 1681o(a) states, in relevant part, as follows:

**In general.**

**Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—**

**(1) any actual damages sustained by the consumer as a result of the failure; and**

**(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the cou**rt.

29. Section 1681n(a), in turn, states, in relevant part, as follows:

**In general.**

**Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—**

**(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000 . . .**

4

\*\*\*

**(2) such amount of punitive damages as the court may allow; and**

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

30. Equifax negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of information about Plaintiff's credit report, information, and file.

31. Equifax also willfully failed to employ and follow reasonable procedures to assure maximum possible accuracy of information about Plaintiff's credit report, information, and file.

32. According to Plaintiff's TransUnion credit report, TransUnion properly reported the Comenity debt and the Kohl's debt as included in Plaintiff's bankruptcy with a zero balance. Best Buy, however, used Equifax's information to evaluate Plaintiff's credit application and Equifax did not properly report the public fact of Plaintiff's bankruptcy discharge.

33. Equifax did not report the Comenity debt and the Kohl's debt with a zero balance, as required. Moreover, an account discharged in bankruptcy should not have any delinquencies reported after the discharge, but Equifax reported delinquencies on both of the subject debts.

34. Equifax reported the Comenity debt as in collection with a 100% debt to credit ratio. The Kohl's debt was listed as a 90% debt to credit ratio.

35. Equifax's reporting of Plaintiff's discharged debts reflects an absence of reasonable procedures.

36. Plaintiff suffered damages proximately caused by Equifax's misconduct, including but not limited to: (a) adverse credit action; (b) emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to

other people, both known and unknown; (c) loss of credit opportunity, including denial of credit, and other damages that may still be discovered by Plaintiff; and (d) unjust suppression of her credit score, which may result in an inability to obtain credit or favorable terms in the future.

37. At all times pertinent hereto, the conduct of Equifax, as well as that of its agents and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff.

38. As a result of Equifax's violations of the FCRA, Plaintiff is entitled to an award of actual damages, punitive damages, costs, and reasonable attorney fees.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. grant judgment in Plaintiff's favor against Defendant Equifax Information Services, LLC;

b. award Plaintiff actual and punitive damages in an amount to be determined at trial;

c. award Plaintiff reasonable attorneys' fees and costs; and

d. award any other relief this Honorable Court deems equitable and just.

**Plaintiff Demands Trial by Jury.**

Respectfully Submitted,

/s/ *Daniel Brown*
Daniel Brown (ARDC # 6299184)
The Law Office of Daniel Brown
208 S. Jefferson St., Suite 204
Chicago, IL 60661
(773) 453-7410
daniel@mainstreetattorney.com

Stacy M. Bardo (ARDC # 6271913)
Bardo Law, P.C.
22 West Washington St., Suite 1500
Chicago, IL 60602
(312) 219-6980
stacy@bardolawpc.com

*Attorneys for Plaintiff*

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that all Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of Plaintiff's claims. If any Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that such Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of any Defendant.

By: /s/ Daniel Brown
    Daniel Brown

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorneys' fees have been assigned to counsel.

By: /s/ Daniel Brown
    Daniel Brown