UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN BROWNELL,<br><br>                            Plaintiff,<br><br>-against-<br><br>EQUIFAX INFORMATION SERVICES, LLC.,<br><br>                            Defendant. | Case No: 1:18-cv-03164<br><br>Judge Ronald A. Guzman |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages for violations of the Fair Credit Reporting Act (the "FCRA").

**ANSWER:** Equifax admits Plaintiff purports to bring a claim against it under the FCRA. Equifax denies that it violated the FCRA, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested.

1

2. The claims stated herein stem from Defendant reporting inaccurate and derogatory information about Plaintiff's credit history, which led to Plaintiff having a credit application denied.

**ANSWER:** Equifax admits Plaintiff purports to bring a claim against it under the FCRA. Equifax denies that it violated the FCRA, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. § 168lp (FCRA).

**ANSWER:** To the extent Plaintiff has properly alleged her claims, Equifax admits the Court may exercise its jurisdiction.

4. Venue is proper in this District under 28 U.S.C. § 1391, as the events complained of occurred in this District.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

## PARTIES

5. Plaintiff Susan Brownell is a natural person who resides at 1747 West Crystal Lane, Mount Prospect, Illinois 60056.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Plaintiff is a "consumer" as defined by Section 1681a(d) of the FCRA.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.     Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company with its principal place of business in Atlanta, Georgia.

**ANSWER:**    Equifax admits the allegations in Paragraph 7.

8.     Equifax does business in the State of Illinois, including in this District.

**ANSWER:**    Equifax admits the allegations in Paragraph 8.

9.     Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties.

**ANSWER:**    Equifax admits the allegations in Paragraph 9.

10.    Equifax uses interstate commerce to prepare and/or furnish consumer reports.

**ANSWER:**    Equifax admits the allegations in Paragraph 10.

11.    At all relevant times, Equifax was a "consumer reporting agency" as that term is defined in Section 1681a(f) of the FCRA.

**ANSWER:**    Equifax admits the allegations in Paragraph 11.

## FACTS SUPPORTING THE ACTION

12.    Plaintiff filed for chapter 7 bankruptcy protection on September 12, 2016 (the "petition date").

**ANSWER:**    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.    Prior to the petition date, Plaintiff incurred, among others, the following debts (collectively, the "subject debts"): (a) a debt from Carsons/Comenity Bank in the amount of approximately $1,325 (the "Comenity debt"); and (b) a debt from Kohl's/Capital One in the amount of approximately $2,164 (the "Kohl's debt").

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Plaintiff included the subject debts in her bankruptcy petition and schedules.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Plaintiff's debts incurred prior to the petition date, including the subject debts, were discharged on December 6, 2016 (the "discharge date").

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. As a result, after the discharge date, Equifax should have reported these debts as discharged in bankruptcy with a $0 balance.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. After the discharge date, Equifax continued to report that the Kohl's debt was due and owing, with a balance of $2,238.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. After the discharge date, Equifax continued to report that the Comenity debt, which was transferred and assigned to Midland Credit Management Inc. for collections, was due and owing, with a balance of $1,298.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. On or around October 13, 2017, Plaintiff applied for a charge account with Best Buy Credit Services so she could purchase a computer for her son.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Best Buy Credit Services denied Plaintiff's credit application.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. By letter dated October 16, 2017, Best Buy Credit Services informed Plaintiff that the reason for the denial was "[t]otal credit obligations when compared to the total annual income you provided."

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. If Equifax would have properly reported the public fact that the subject debts had previously been discharged in bankruptcy, Plaintiff's total credit obligations would have been lower. Specifically, the $3,536 for the subject debts would have been reported as $0.

**ANSWER:** Equifax denies the allegations in Paragraph 22 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22.

23. As this was the only reason Best Buy Credit Services provided to deny Plaintiff's credit application, had Equifax properly reported the public fact that the subject debts had previously been discharged in bankruptcy, Plaintiff's credit application would not have been denied.

5

**ANSWER:** Equifax denies the allegations in Paragraph 23 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23.

24. Equifax's misconduct in wrongly reporting Plaintiff's credit obligations caused Plaintiff significant damages in addition to the credit denial, including but not limited to emotional distress, anxiety, embarrassment, aggravation, restlessness, sleeplessness, inconvenience, and feelings of depression, helplessness and hopelessness. Plaintiff had already made the difficult decision to file bankruptcy and thought she would have a fresh start. Equifax's misconduct therefore caused concrete and particular harm to Plaintiff.

**ANSWER:** Equifax denies the allegations in Paragraph 24 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24.

25. In addition, Plaintiff suffers from psoriatic arthritis, a condition which flares up when Plaintiff experiences emotional distress. As a result of Equifax's misconduct, Plaintiff had a flare-up of her psoriatic arthritis, which caused redness, swelling, and severe pain in her hands.

**ANSWER:** Equifax denies the allegations in Paragraph 25 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

### COUNT I- WILLFUL AND/OR NEGLIGENT VIOLATIONS OF THE FCRA

26. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

**ANSWER:** Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 25.

27. Section 1681e(b) of the FCRA states as follows:

**Accuracy of report.**

**Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

     **ANSWER:** Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 27.

     28.    Section 168lo(a) states, in: relevant part, as follows:

**In general.**

**Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of-**

     **(1)**    **any actual damages sustained by the consumer as a result of the failure; and**

     **(2)**    **in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

     **ANSWER:** Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 28.

     29.    Section 1681 n(a), in turn, states, in relevant part, as follows:

**In general.**

**Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of-**

> **(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000 ...**
>
> **(2) such amount of punitive damages as the court may allow; and**
>
> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

    **ANSWER:** Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 29.

    30. Equifax negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of information about Plaintiff's credit report, information, and file.

    **ANSWER:** Equifax denies the allegations in Paragraph 30.

    31. Equifax also willfully failed to employ and follow reasonable procedures to assure maximum possible accuracy of information about Plaintiff's credit report, information, and file.

    **ANSWER:** Equifax denies the allegations in Paragraph 31.

    32. According to Plaintiff's TransUnion credit report, TransUnion properly reported the Comenity debt and the Kohl's debt as included in Plaintiff's bankruptcy with a zero balance. Best Buy, however, used Equifax's information to evaluate Plaintiff's credit application and Equifax did not properly report the public fact of Plaintiff's bankruptcy discharge.

**ANSWER:** Equifax denies the allegations in Paragraph 32 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32.

33. Equifax did not report the Comenity debt and the Kohl's debt with a zero balance, as required. Moreover, an account discharged in bankruptcy should not have any delinquencies reported after the discharge, but Equifax reported delinquencies on both of the subject debts.

**ANSWER:** Equifax denies the allegations in Paragraph 33 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33.

34. Equifax reported the Comenity debt as in collection with a 100% debt to credit ratio. The Kohl's debt was listed as a 90% debt to credit ratio.

**ANSWER:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Equifax's reporting of Plaintiff's discharged debts reflects an absence of reasonable procedures.

**ANSWER:** Equifax denies the allegations in Paragraph 35.

36. Plaintiff suffered damages proximately caused by Equifax's misconduct, including but not limited to: (a) adverse credit action; (b) emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown; (c) loss of credit opportunity, including denial of credit, and other damages that may still be discovered by Plaintiff; and (d) unjust suppression of her credit score, which may result in an inability to obtain credit or favorable terms in the future.

**ANSWER:** Equifax denies the allegations in Paragraph 36.

37. At all times pertinent hereto, the conduct of Equifax, as well as that of its agents and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff.

**ANSWER:** Equifax denies the allegations in Paragraph 37.

38. As a result of Equifax's violations of the FCRA, Plaintiff is entitled to an award of actual damages, punitive damages, costs, and reasonable attorney fees.

**ANSWER:** Equifax denies the allegations in Paragraph 38.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. grant judgment in Plaintiff's favor against Defendant Equifax Information Services, LLC;

b. award Plaintiff actual and punitive da ages in an amount to be determined at trial;

c. award Plaintiff reasonable attorneys' fees and costs; and

d. award any other relief this Honorable Court deems equitable and just.

**ANSWER:** Equifax denies Plaintiff is entitled to any relief claimed in her Complaint.

**Plaintiff Demands Trial by Jury.**

**ANSWER:** Equifax admits Plaintiff demands a trial by jury.

## **DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

## **FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

**SECOND DEFENSE**

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

**THIRD DEFENSE**

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

**FOURTH DEFENSE**

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

**FIFTH DEFENSE**

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

**SIXTH DEFENSE**

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001); State Farm v. Campbell, 538 U.S. 408 (2003), and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007).

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) it recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted this 7th day of June, 2018.

Respectfully submitted,

*/s/ Rodney L. Lewis*
Rodney L. Lewis
Mary Kathryn Curry
Polsinelli PC
150 North Riverside Plaza, Suite 3000
Chicago, IL 60606
Tel. (312) 819-1900
Fax (312) 819-1910
Email: rodneylewis@polsinelli.com
Email: mkcurry@polsinelli.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I today caused a copy of the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system which will be sent to all attorneys of record:

Stacy Michelle Bardo
Bardo Law, P.C.
22 West Washington Street
Suite 1500
Chicago, IL 60602

Daniel Richard Brown
The Law Office of Daniel Brown
208 S. Jefferson St.
Suite 204
Chicago, IL 60661

Dated this 7th day of June, 2018.

/s/   Rodney L. Lewis